UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CITY OF HAYS, KANSAS and CITY OF RUSSELL, KANSAS,<br><br>　　Plaintiffs,<br><br>　　　　　　v.<br><br>THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EDWARDS, et al.,<br><br>　　Defendants**.** | Case No. 6:25-cv-01054-HLT-GEB |

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND

　　The Cities' Motion to Remand (ECF 20) should be granted. The Cities' original Petition included COUNT II, a request for declaratory judgment that the County's zoning regulations are "void and unenforceable against the Cities." (ECF 3 at 82.) Within that Count, the Cities alleged in paragraph 335.g that the County's zoning regulations "deprive the Cities of their property without due process of law contrary to the Fifth and Fourteenth Amendments to the U.S. Constitution…." (ECF 3 at 86.) The Cities further alleged in paragraph 335.i that the County's zoning regulations "deprive them of equal treatment, benefit, and protection of the law … under … the Constitutions of the United States of America and the State of Kansas." (ECF 3 at 86.)

　　COUNT II and paragraphs 335.g and 335.i do not "merely mention a federal issue." Nor are they a "vague reference" to federal law that does "not seek relief under any federal law…" as Defendants argue with no substantive analysis. They are specific allegations within a specific claim for relief that are specifically based on federal constitutional law. No "investigation" was needed to ascertain that a federal claim was being made; it was clear from the plain language of the original Petition.

1

Defendants suggest, without explanation, that the original Petition was not removable because it merely mentioned a federal constitutional provision "without providing factual detail that invokes federal law," citing *Soto v. Kalatzes*, 2022 WL 1831258, at *1 (10th Cir. (ECF 27 at 2–3.) *Soto* was a case brought by a *pro se* plaintiff in federal court alleging that defendant had wrongfully terminated plaintiff's lease agreement for a hair salon. *Id.* at *1. The complaint gave no indication that diversity or federal question jurisdiction existed, so the magistrate judge issued a show-cause order. *Id.* In response, the plaintiff was unable to point to any facts supporting federal question or diversity jurisdiction. *Id.* at *2.

*Soto* is easily distinguishable from the present case. First, the Cities' original Petition ***did*** include specific allegations that Defendants violated their federal constitutional rights, as noted above. Second, there is ample factual detail invoking federal law in the original Petition. As stated in the Cities' Motion, "the original Petition includes numerous references to the County's constitutional violations without specifying whether they violate State or federal constitutional law when they are violations of both." (ECF 20 at 2 (citing ECF 3 at 20, ¶ 45; 64, ¶ 239; 74, ¶ 288; 79, ¶ 311; 85, ¶ 335; 90, ¶¶ 359–60; and 93, ¶ A).) The original Petition also includes numerous factual allegations relating to the County's zoning regulations being unreasonable, arbitrary, and capricious as applied to the Cities' Water Transfer Project. (*See, e.g.*, ECF 3 at 15–16, ¶ 27; 20, ¶ 46; 52, ¶ 191; 57–60 (§ XIV.C.2), ¶¶ 220–29; 64, ¶ 239; 64 (§ XIV.D), ¶¶ 240–43; 74, ¶ 289; 90, ¶ 355; 90, ¶ 360; 91, ¶ 362.)

Defendants also cite to *Akin v. Ashland Chemical Co.*, 156 F.3d 1030 (10th Cir. 1998) in arguing that their notice of removal was timely because it was not "unequivocally apparent" that the case was removable based on the original Petition. (ECF at 4.) But in *Akin*, the complaint included no federal law allegations. Instead, it merely stated that the plaintiff was injured "while

2

working" at an Air Force base for the U.S. government. 156 F.3d at 1035. That is a far cry from the original Petition in this case, which included specific claims under federal law.

Remand is proper because the original Petition included allegations of federal constitutional violations, and Defendants failed to file a notice of removal within the timeframe required by 28 U.S.C. § 1446(b)(1). But remand is particularly appropriate because Kansas State law claims significantly predominate over federal claims in this proceeding and judicial economy and fairness support litigating this matter in Kansas State district and appellate courts. As noted in their original Motion (and the Petition), the Cities are already litigating the companion lawsuits to this proceeding in Kansas State court: (1) the Change Proceeding—pending before the Kansas Supreme Court (ECF 3 at 69, ¶ 265), and (2) the Transfer Proceeding—pending before the Water Transfer Panel (the County is an adverse party-litigant in that case, which resulted in an Initial Order in the Cities' favor and prompted the County to adopt its illegal zoning regulations in the first place). (ECF 3 at 17, ¶ 38; 39, ¶ 172; 246, ¶ 25).

The novel issues of Kansas law in this proceeding are numerous, including issues relating solely to the Kansas Water Appropriation Act (K.S.A. 82a-701, et seq.), the Kansas Water Transfer Act (K.S.A. 82a-1501, et seq.), Kansas's county home rule statute (K.S.A. 19-101a), Kansas's common law on governmental immunity from zoning regulations, Kansas's law on preemption, Kansas's law on preclusion, Kansas's law on the statute of limitations, and Kansas's law on individual Defendants' capacity to be sued. Even the federal constitutional issues will overlap, at least in part, with the Kansas constitutional issues.

This case belongs in State court for many reasons, but the Cities respectfully reiterate that if the Court denies their Motion to Remand, the Cities ask that it exercise its supplemental jurisdiction over the state-law claims. And, in that instance, because of the numerous novel issues

3

of first impression, the Cities respectfully suggest certifying those questions to the Kansas Supreme Court. However, that could all be avoided if the Court would simply grant the Cities' Motion to Remand.

Respectfully submitted:

| FOULSTON SIEFKIN LLP | DREILING, BIEKER & HOFFMAN, LLP |
|---|---|
| David M. Traster, KS #11062 | Donald Hoffman, KS #09502 |
| Daniel J. Buller, KS #25002 | Melvin Sauer, Jr., KS #14638 |
| 1551 N. Waterfront Pkwy, Suite 100 | 111 W. 13th Street |
| Wichita, KS 67206-4466 | Hays, KS 67601-0579 |
| T: 316-291-9725 | T: 785-625-3537 |
| F: 316-267-6345 | F: 785-625-8129 |
| dtraster@foulston.com | don@dbhlawhays.com |
| dbuller@foulston.com | mel@dbhlawhays.com |

By: */s/ David M. Traster*
David M. Traster, KS #11062
***Attorneys for the City of Hays, Kansas***

WOELK & COLE
Kenneth L. Cole, KS #11003
4 South Kansas Street
P.O. Box 431
Russell, KS 67665-0431
T: 785-483-3711|F: 785-483-2983
ken@russellcity.org

By: */s/ Kenneth L. Cole*
Kenneth L. Cole, KS #11003
***Attorneys for the City of Russell, Kansas***

### CERTIFICATE OF SERVICE

I hereby certify that on My 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ David M. Traster*
David M. Traster, KS #11062

4