IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CITY OF HAYS, KANSAS, et al.,**

    **Plaintiffs,**

    v.

**EDWARDS COUNTY, KANSAS BOARD OF COMMISSIONERS, et al.,**

    **Defendants.**

Case No. 6:25-cv-01054-HLT-GEB

# ORDER

This case concerns a dispute over water between two Kansas cities and a Kansas county's planning commission. Plaintiffs originally filed the case in state court. Plaintiffs amended their state-court petition, and Defendants removed the case to federal court. This case is before the Court on Plaintiffs' motion to remand. Doc. 20. Plaintiffs argue that Defendants' removal was untimely because Defendants filed the notice of removal more than 30 days after the original petition was served on the last defendant. Plaintiffs contend that remand is therefore required under 28 U.S.C. § 1447(c). Defendants argue that their notice of removal was timely because it was filed within 30 days of Plaintiffs' amended petition, which is when federal question jurisdiction (the basis for removal) became ascertainable. The Court finds federal question jurisdiction was ascertainable in the original petition and grants Plaintiffs' motion to remand to state court.

## I.     BACKGROUND

The City of Hays bought a ranch in Edwards County in the mid-1990s. Doc. 3 at 866. Hays and the other plaintiff, the City of Russell, are not cities in Edwards County. Hays bought the ranch for the water it supplies. *Id.* Plaintiffs want to use the water to supply their cities. *Id.* But it has not been converted for this use. *See id.* at 868 (noting Plaintiffs' intention to convert the ranch's water

rights for municipal use). Defendants want the ranch's water to remain in and benefit Edwards County. *See id.* at 867. Plaintiffs allege that Defendants have engaged in an ongoing campaign to unlawfully frustrate their efforts to use the ranch's water resources. *See generally id.*

Plaintiffs originally filed the case in Kansas state court on October 9, 2024. *Id.* at 2. Plaintiffs filed an amended petition several months later, on March 11, 2025. *Id.* at 6, 858. There are some differences in the original and amended petition relevant to the remand motion.

Paragraph 17 in the original petition indicated that Plaintiffs sought relief under state law and the Court's equitable powers. *Id.* at 14. The original petition included (among others) a count (Count II) for declaratory relief that was specifically based on claims that Defendants' conduct violated the Fifth and Fourteenth Amendments to the U.S. Constitution, as well as equal protection under the U.S. Constitution. *Id.* at 86.[1]

Paragraph 17 in the amended petition states that Plaintiffs seek relief under state law and the Court's equitable powers, but it added a statement that relief was also sought under the U.S. Constitution. *Id.* at 866. The amended petition includes the same declaratory judgment claim in Count II identified above, premised in part on violations of the U.S. Constitution. *Id.* at 942.[2] But it adds a new declaratory judgment claim under the commerce clause of the U.S. Constitution (Count V). *Id.* at 948-49.

---

[1] There is also a separate count for declaratory judgment based on a denial of equal protection and due process (Count V), but it doesn't otherwise specify the source of those rights (i.e. state versus federal constitution). *See* Doc. 3 at 90.

[2] The amended petition also includes a count similar to Count V in the original petition (Count IV). Doc. 3 at 947-48. As in the original petition, this claim does not specify the source of the due process and equal protection rights involved.

2

Defendants removed the case on March 31, 2025. Doc. 1. Defendants invoked federal question jurisdiction, principally citing Plaintiffs' commerce-clause claim (Count V). *Id.* at 1-4.[3] Defendants' removal notice also cited the language in Paragraph 17 of the amended petition, which states that Plaintiffs seek relief under the U.S. Constitution. *Id.* at 2.

## II.    ANALYSIS

A feature of our federal system is that federal courts are courts of limited jurisdiction. *Estate of Harshman v. Jackson Hole Mtn. Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004). Article III of the Constitution as well as congressional enactment define the federal courts' jurisdictional reach. *Id.* at 1164 n.1. Certain cases filed in state court containing claims falling within this reach can be removed from state court and heard in federal court, including those raising federal questions. 28 U.S.C. § 1441(a); 28 U.S.C. § 1331. But there are several critical limitations on a party's ability to remove an action. Ordinarily a "notice of removal of a civil action or proceeding shall be filed within 30 days after" a defendant receives a copy of a plaintiff's complaint. 28 U.S.C. § 1446(b)(1). If the case isn't initially removable, but becomes so after an "amend[ment], motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable," a defendant has 30 days from receipt of that paper to file the removal notice. 28 U.S.C. § 1446(b)(3). The interplay of these requirements is at issue.

Plaintiffs seek remand and timely move under 28 U.S.C. § 1447(c). Plaintiffs argue that the time to remove was triggered by the original petition because it included federal questions, namely declaratory judgment claims based on a violation of the Fifth and Fourteenth Amendments, as well as equal protection (Count II). Doc. 20 at 1, 9. There were also references to constitutional violations throughout the original petition that were not limited to the state constitution. *Id.* at 9.

---

[3]    Defendants also invoked the Court's pendent jurisdiction over Plaintiffs' state law claims.

Plaintiffs argue this put Defendants on notice that federal claims were being asserted and started the removal clock. *Id.*

Defendants respond that the portion of Plaintiffs' original petition cited by Plaintiffs are only "passing references to the U.S. Constitution." Doc. 27 at 1. Defendants argue that Plaintiffs' original petition failed to make any affirmative statements they were seeking relief under federal law in Paragraph 17, which only referenced state law and the Court's equitable powers. Defendants argue they were not otherwise on notice that Plaintiff was presenting a federal question because Count II only raised a federal issue within a state cause of action. *Id.* at 2. Other unspecified references to constitutional rights were too ambiguous to allow Defendants to determine removability, and Defendants were not required to investigate further. *Id.* at 3. It wasn't until the amended petition specifically asserted a claim under the U.S. Constitution (Count V, citing the commerce clause)—and amended Paragraph 17 to state that Plaintiffs sought relief under the U.S. Constitution—that Defendants determined the case was removable because it involved federal questions. *Id.* at 3-4. In reply, Plaintiff states that the original and amended petition both included Count II, which is not just a state claim that mentions a federal issue, but rather is a specific claim based on federal constitutional law. Doc. 28 at 1.

Plaintiffs have the better argument. At issue is whether—and when—a federal question existed sufficient to create federal question jurisdiction. To determine this, courts look to the well-pleaded allegations of the complaint (or in this case, petition). *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012). To "arise under federal law within the meaning of [28 U.S.C.] § 1331," the petition must either assert a claim created by federal law or present a claim where the "right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (internal quotation and citation omitted). The original petition included a count for declaratory

4

judgment (Count II) that the underlying zoning regulations are void and unenforceable for numerous reasons, including that they violate due process and equal protection under the U.S. Constitution. Doc. 3 at 86, 89. This is more than "the mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Nor is it just a "passing reference to the U.S. Constitution." It is a specific allegation that Defendants violated the U.S. Constitution. In other words, to determine whether Plaintiffs are entitled to relief, a court will have to decide whether the underlying zoning regulations violate the U.S. Constitution. This falls within federal question jurisdiction. *See* 28 U.S.C. § 1331. The case was therefore removable under the well-pleaded allegations of the original petition.

To be sure, Plaintiffs' amended petition added more references to and an additional claim based on the U.S. Constitution (under the commerce clause). But it is unclear why the addition of a claim for declaratory judgment under the commerce clause would have put Defendants on notice that federal claims were at issue when a claim based on violations of the Constitution's due process and equal protection clauses (which was present in the original petition) would not. In other words, the change was only one of volume, not substance, in terms of federal question. If removal was available for the amended petition, it was equally available in the original petition.[4]

In sum, the well-pleaded allegations in the original petition put Defendants on notice that Plaintiffs were pursuing rights arising under federal law. The time for filing a notice of removal was therefore no later than November 27, 2024. Defendants filed the notice on March 31, 2025. Defendants' failure to remove within 30 days of service of the original petition makes the later removal of this case untimely. Remand is required. *Things Remembered, Inc. v. Petrarca*, 516 U.S.

---

[4] The Court acknowledges Defendants' argument that Paragraph 17 of the original petition did not state that Plaintiffs sought declaratory relief under the U.S. Constitution, while the amended petition did. But although the original petition did not reference the U.S. Constitution in Paragraph 17, it very clearly sought declaratory relief under the U.S. Constitution in the claims section.

124, 128 (1995) ("[U]ntimely removal [is] precisely the type of removal defect contemplated by § 1447(c).").[5]

### III. CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiffs' motion for remand (Doc. 20) is GRANTED. This case is REMANDED to the District Court of Edwards County, Kansas. The Court directs the Clerk of the Court to take all necessary steps to effectuate this remand.

IT IS SO ORDERED.

Dated: June 17, 2025                           /s/ *Holly L. Teeter*
                                               HOLLY L. TEETER
                                               UNITED STATES DISTRICT JUDGE

---

[5] Plaintiffs also argue Defendants manifested a clear and unequivocal intent to submit to Kansas state court's jurisdiction by moving to dismiss in state court. Doc. 20 at 9-10. The Court does not reach this argument.